■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO DELEON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered July 2, 1986, convicting him of rape in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's right to a fair trial was not compromised by the trial court's ruling that the complainant would be permitted to testify as to the statement the defendant made to her as he approached with screwdriver in hand, i.e., that "he wanted to give me something and that he had just recently * * * raped a girl before [and] that he would kill me if I didn't shut up and stop screaming". The evidence was probative of the "forcible compulsion" element of rape in the first degree (Penal Law § 130.35 [1]; § 130.00 [8]) and was thus admissible, notwithstanding the potential for prejudice *(see, People v Santarelli,* 49 NY2d 241, *rearg denied* 49 NY2d 918; *People v Vails,* 43 NY2d 364; *People v Barlow,* 88 AD2d 668). This was particularly so in light of the defendant's argument at trial that the intercourse was consensual, thus expressly disputing that it was accomplished by forcible compulsion. The defendant's claims that the court improperly failed to redact the statement or to issue a limiting instruction *(see, People v Ventimiglia,* 52 NY2d 350; *People v Bolling,* 120 AD2d 601, *lv denied* 68 NY2d 665) are unpreserved for appellate review *(see, People v Thomas,* 50 NY2d 467). In any event, any error in failing to redact the statement or in not giving a limiting instruction was harmless in light of the overwhelming evi-

dence of the defendant's guilt independent of the challenged statement *(see, People v Crimmins,* 36 NY2d 230).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.