■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT VELEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 11, 1988, convicting him of rape in the first degree (four counts), criminal trespass in the second degree and attempted assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant and the complainant were married for approximately five years. The marriage was fraught with controversy. The instant conviction stems from an incident which occurred after the defendant and the complainant were divorced, in which the complainant alleged that the defendant assaulted and raped her repeatedly. On this appeal, the defendant contends that the court's ruling which permitted the prosecutor to elicit evidence of past attacks by the defendant on the complainant deprived him of a fair trial. We disagree.

"It is elementary that evidence of a defendant's prior criminal or immoral conduct is inadmissible if it cannot logically be linked to some specific material issue in the case *(see, e.g., People v Lewis,* 69 NY2d 321, 325; *People v Ventimiglia,* 52 NY2d 350, 359; *People v Santarelli,* 49 NY2d 241; *People v Allweiss,* 48 NY2d 40, 46-47)" *(People v Hudy,* 73 NY2d 40, 54-55). Here the People established a logical link between evidence of the past assaults by the defendant on the complainant and the material issues of forcible compulsion and lack of consent *(see, People v Velasquez,* 141 AD2d 882; *People v DeLeon,* 135 AD2d 555). This showing having been made, the trial court then properly weighed the probative value of this evidence against its potential prejudice *(see, People v Alvino,* 71 NY2d 233). In finding that the probative value of that

evidence outweighed its potentially prejudicial effect, and thus permitting the People to elicit this evidence, the trial court did not improvidently exercise its discretion *(see, People v Hudy, supra,* at 55).

We have considered the defendant's remaining contention and find it to be without merit *(see, People v Suitte,* 90 AD2d 80). Brown, J. P., Lawrence, Eiber and Rosenblatt, JJ., concur.