■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldberg, J.), rendered June 2, 1988, convicting him of criminal possession

of a weapon in the third degree and criminal possession of a hypodermic instrument, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and a statement made by the defendant.

Ordered that the judgment is affirmed.

The defendant was seen by a police officer, in an area known by the police to have been the site of previous transactions involving illegal drugs, tossing out a "large bundle of what appeared to be drugs into the air". The bundle consisted of white envelopes held together. The police officer followed the defendant until he saw the defendant reach into his waistband and pull out what "appeared to be a revolver" and throw it into the air. The police officer then recovered the weapon that the defendant had thrown and arrested him. The defendant had some objects in his hand which turned out to be hypodermic instruments. The defendant now argues that the hearing court erred in denying his motion to suppress the weapon and hypodermic instruments. We agree with the hearing court's determination. The police officer was merely following the defendant in order to observe him and thus no "reasonable suspicion" of criminal activity was necessary. All that was needed was an "articulable reason" to approach the defendant. The defendant's actions did provide such "articulable reason" (see, People v De Bour, 40 NY2d 210, 223; People v Carrasquillo, 54 NY2d 248, 253; People v Hopkins, 163 AD2d 416). Further, when the defendant tossed out a weapon, there was probable cause to arrest him, and therefore the weapon and hypodermic instruments recovered were properly admitted into evidence (see, People v Carrasquillo, 54 NY2d 248, supra).

The defendant also claims that he was denied his due process right to a fair trial by the admission of an inculpatory statement he made, since it implied that he was in the business of selling drugs and therefore it referred to uncharged crimes. At the precinct, when asked by a fellow prisoner why he ran, the defendant stated "If you were in the business that I'm in you'd run too". The defendant then repeated this statement to the arresting officer. As the hearing court concluded, the statement was initially made to a fellow prisoner, not a law enforcement officer. Also, the statement was repeated to the arresting officer after the defendant was given *Miranda* warnings. Further, the statement was properly admitted since it was interwoven with the crimes

charged *(see, People v Vails,* 43 NY2d 364) and was necessary to complete the narrative of events *(see, People v Hardwick,* 140 AD2d 624, 625; *People v Love,* 92 AD2d 551). Finally, its probative value was not outweighed by its prejudicial effect *(see, People v Ventimiglia,* 52 NY2d 350; *People v Alvino,* 71 NY2d 233; *People v Velez,* 159 AD2d 665). The defendant also claims that the prejudice of admitting his statement was compounded by the trial testimony concerning narcotics by the police officer who arrested him. However, this claim is unpreserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Williams,* 46 NY2d 1070). In any event, the defendant was not deprived of his right to a fair trial since ample curative instructions were issued by the court *(see, People v Allen,* 135 AD2d 823). Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.