■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT COWARD, Appellant. [739 NYS2d 612] —Appeal by the defendant from a judgment of the County Court, Nassau County (Ort, J.), rendered July 13, 1998, convicting him of burglary in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the 911 emergency audio tape admitted into evidence improperly bolstered the complainant's testimony. The defendant contends that the People attempted to enhance the credibility of the complainant's in-court testimony by corroborating the testimony with a prior consistent statement on the audio tape. Contrary to the defendant's assertion, the 911 tape was properly admitted by the trial court under the excited utterance exception to the hearsay rule. An excited utterance is one made "under the immediate and uncontrolled domination of the senses, and during the brief period when consideration of self-interest could not have been brought fully to bear by reasoned reflection" (*People v Brown,* 70 NY2d 513, 518 [internal quotation marks omitted]). "If a proffered statement also meets the requirements to be admitted as an excited utterance * * * its admission would be proper, notwithstanding the characterization as a prior consistent statement" (*People v Buie,* 86 NY2d 501, 511). Thus, the 911 tape was properly admitted.

The decision whether to grant a continuance is committed to the sound discretion of the trial court (*see People v Singleton,* 41 NY2d 402, 405; *People v Spears,* 64 NY2d 698). Here, the trial court providently exercised its discretion in denying the defendant's request for an adjournment.

The defendant's remaining contention is without merit. Ritter, J.P., Goldstein, Friedmann and Luciano, JJ., concur.