■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AMUSO, Appellant. [843 NYS2d 395]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered March 24, 2004, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Gary, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant argues, inter alia, that the police pursued and arrested him in violation of his constitutional rights, and that the physical evidence seized as a result of the pursuit and his arrest should have been suppressed. This contention is without merit.

Within approximately 10 minutes of receiving a radio broadcast concerning a shooting in a nearby subway station in lower Manhattan, one of three undercover officers canvassing for suspects observed the defendant approaching and remarked that he fit the description of one of the suspects. When one of the officers attempted to make eye contact with the defendant, the defendant stopped, looked around as if deciding in which direction he should go, changed his direction of travel, and walked behind a parked garbage truck. The officers followed, but did not find the defendant behind the truck. However, the officers heard leaves rustling in an adjacent maintenance area for Battery Park. The area was completely enclosed by a fence, secured with chain, and marked with a "no trespassing" sign. Further, at the time (approximately 3:05 A.M.), the park was closed to the public. When one of the officers said, "Police. Don't move. You, in the leaves, show yourself," the defendant stood up. The officers recognized the defendant as the man they had just observed. When the defendant was ordered to show his hands, he jumped the fence and fled. However, the defendant was located and arrested shortly thereafter for criminal trespass. A search of his person revealed, inter alia, a MetroCard stolen from the complainant in Brooklyn. A search of the maintenance area of the park revealed a backpack containing, inter alia, a jacket that had a handgun in the pocket. The defendant admitted ownership of the backpack, but he did not testify at the suppression hearing.

On appeal, the defendant concedes that he was arrested in close spatial and temporal proximity to the subway shooting. However, he argues that the conduct of the police officers was not justified at its inception nor reasonably related in scope to the circumstances which rendered its initiation permissible. At a minimum, he asserts, the police never possessed the requisite "reasonable suspicion" needed to pursue and arrest him. Thus,

he argues, all physical evidence obtained as a result of his arrest should have been suppressed. However, the record supports the hearing court's determination that the conduct of the undercover officers was at all times within the parameters articulated in *People v De Bour* (40 NY2d 210 [1976]), and its progeny. Thus, suppression was properly denied.

Based on the facts and circumstances established at the hearing, the undercover officers, when they first observed the defendant, were authorized to approach with a request for information, the least intrusive form of inquiry permitted under *De Bour* (*see People v De Bour*, 40 NY2d 210 [1976]). Further, although the defendant possessed the constitutional right not to respond to such inquiries and to remain silent, and to walk or run away, the officers were not required to merely abort their inquiries upon such a response (*see People v Howard,* 50 NY2d 583, 590 [1980]; *People v Sobotker,* 43 NY2d 559, 564 [1978]; *People v Grunwald,* 29 AD3d 33 [2006]). Rather, the officers were entitled to continue observation of the defendant, and to endeavor to conclude their inquiries, provided they did so in an unobtrusive manner that did not limit the defendant's freedom of movement (*see People v Howard,* 50 NY2d 583, 590 [1980]; *People v Sobotker,* 43 NY2d 559, 564 [1978]; *People v Grunwald,* 29 AD3d 33 [2006]; *People v Lopez,* 169 AD2d 782 [1991]; *People v Dickerson,* 153 AD2d 897 [1989]). Here, the officers permissibly proceeded behind the garbage truck pursuant to their request for information. Once permissibly there, the officers made observations sufficient to establish probable cause to arrest the defendant for criminal trespass (*see People v Lightfoot,* 22 AD3d 865 [2005]; *People v Starr,* 221 AD2d 488, 489 [1995]). The evidence seized from the defendant's person pursuant to that lawful arrest was properly admitted into evidence in the instant prosecution for robbery in the first degree (*see People v Davis,* 32 AD3d 445 [2006]).

Further, the backpack and its contents were properly admitted into evidence as having been abandoned by the defendant (*see People v Ramirez-Portoreal,* 88 NY2d 99 [1996]). The defendant's leaving of the backpack and its contents in a public park was not a direct and spontaneous response to any illegal police activity, but was the intentional and voluntary product of a considered judgment to waive any privacy interest therein (*see People v Ramirez-Portoreal,* 88 NY2d 99 [1996]; *People v Oliver,* 39 AD3d 880 [2007]).

The defendant was afforded meaningful representation (*see People v Benevento,* 91 NY2d 708, 712 [1998]).

The defendant's remaining contention is unpreserved for ap-

pellate review, and we decline to review it in the interest of justice (*see People v Davis,* 213 AD2d 665 [1995]; *People v Doby,* 178 AD2d 427 [1991]). Miller, J.P., Ritter, Goldstein and Dickerson, JJ., concur.