■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DEON DAVIS, Respondent. [910 NYS2d 142]—

Appeal by the People from an order of the Supreme Court, Queens County (Aloise, J.), dated October 22, 2008, which, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and the defendant's statements to law enforcement authorities subsequent to his arrest.

Ordered that the order is reversed, on the law, those branches of the defendant's omnibus motion which were to suppress physical evidence, identification testimony, and the defendant's statements to law enforcement authorities are denied, and the mat-

ter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The testimony adduced at the suppression hearing revealed that at approximately 12:29 A.M. on November 1, 2007, a police officer observed three individuals, one of whom was the defendant, disperse in different directions from a street corner as the officer approached slowly in an unmarked police car. The officer continued to observe the defendant, who walked to a nearby house and stood at a side door of the residence for 10 to 15 seconds without opening the door, attempting to retrieve keys, knocking, or ringing the doorbell. The officer exited his vehicle, walked towards the defendant with his shield displayed, and said something to the effect of "police, hey, hold up," or "I want to speak with you." The defendant immediately stepped down from the doorway entrance, removed a firearm from his waistband, ran to the back of the property, and placed the firearm on the ground. The firearm was recovered. Shortly thereafter, the defendant was stopped by the police at another location based upon the officer's description. After the defendant was identified by the officer and placed under arrest, marihuana was recovered from his person, and he made statements to law enforcement authorities.

The Supreme Court granted those branches of the defendant's omnibus motion which were to suppress the physical evidence, identification testimony, and the defendant's statements to law enforcement authorities on the ground that the evidence was the fruit of improper police conduct of approaching the defendant and requesting information from him based upon "entirely innocuous" conduct. We reverse.

The defendant's abandonment of the firearm was not a spontaneous response to the officer's request for information, but rather was "the intentional and voluntary product of a considered judgment to waive any privacy interest therein" (*People v Amuso*, 44 AD3d 781, 783 [2007]). Therefore, the defendant had no standing to contest its seizure (*see People v Myers*, 303 AD2d 139, 142-144 [2003]).

In any event, in the absence of any indication of criminality, a police officer may stop a citizen on the street for the purpose of inquiry if he or she can point to articulable facts which warrant the intrusion (*see People v De Bour*, 40 NY2d 210, 213 [1976]; *People v Braithwaite*, 172 AD2d 548, 548-549 [1991]). In this case, the defendant's conduct provided the officer with an objective credible reason to approach him and request information. Therefore, the officer's conduct was not unlawful (*see People v De Bour*, 40 NY2d at 220; *People v Braithwaite*, 172 AD2d at 549). Rivera, J.P., Covello, Santucci and Sgroi, JJ., concur.