■ The People of the State of New York, Respondent, v Casey Mack, Appellant. [932 NYS2d 163]—

The Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and oral statements he made to law enforcement officials. The initial encounter between the defendant and the police was lawful from its inception inasmuch as the arresting officer had an objective, credible reason to approach the defendant to request information (*see People v Hollman*, 79 NY2d 181 [1992]; *People v Davis*, 78 AD3d 724, 725 [2010]; *People v Hill*, 72 AD3d 702 [2010]; *People v Ferrell*, 266 AD2d 560 [1999]). Moreover, contrary to the defendant's contention, under the circumstances, the Supreme Court properly determined that the officer's act of following the defendant in an attempt to conclude his inquires was unobtrusive and did not serve to limit the defendant's freedom of movement (*see People v Howard*, 50 NY2d 583, 592 [1980], *cert denied* 449 US 1023 [1980]; *People v Amuso*, 44 AD3d 781, 783 [2007]; *People v Grunwald*, 29 AD3d 33, 38 [2006]; *People v Cruz*, 292 AD2d 175, 175 [2002]; *People v Lopez*, 169 AD2d 782, 783 [1991]; *cf. People v Dickerson*, 153 AD2d 897, 899 [1989]). Accordingly, the Supreme Court properly concluded that the defendant's abandonment of a duffle bag while being followed by the police officer was not precipitated by illegal police conduct and that branch of the defendant's omnibus motion which was to suppress physical evidence was properly denied (*see People v Davis*, 78 AD3d at 725; *People v Foster*, 302 AD2d 403, 404 [2003]; *People v Hughes*, 174 AD2d 692 [1991]). Furthermore, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress oral statements since the defendant was not in police custody at the time he made those statements (*see People v Taylor*, 82 AD3d 1133, 1133-1134 [2011]; *see also People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]).

The defendant's contention that a severance was warranted is unpreserved for appellate review (*see People v Sabatino*, 41 AD3d 871, 871 [2007]; *People v Johnson*, 224 AD2d 635, 638 [1996]). In any event, the defendant's contention is without merit, as the defenses asserted by the defendant and the codefendant were not in irreconcilable conflict with each other such that there was a danger that the conflict alone would have led the jury to infer the defendant's guilt (*see People v Mahboubian*, 74 NY2d 174, 184 [1989]; *People v Terry*, 78 AD3d 1207, 1207 [2010]).

The defendant further contends that he was denied his right to confrontation by the Supreme Court's admission of certain out-of-court statements made by the codefendant (*see Bruton v*

*United States*, 391 US 123 [1968]). This contention is without merit since the challenged statements did not directly implicate the defendant (*see Richardson v Marsh*, 481 US 200, 208 [1987]; *People v Dickson*, 21 AD3d 646, 647 [2005]; *People v Melendez*, 285 AD2d 819, 821 [2001]; *People v Johnson*, 224 AD2d 635 [1996]).

The defendant also contends that the Supreme Court committed reversible error by admitting a police radio transmission and the tape of the complainant's 911 call since such evidence constituted inadmissible hearsay which improperly bolstered witness testimony as prior consistent statements. The defendant's contention that the Supreme Court erred by admitting the police radio transmission is unpreserved for appellate review (*see People v Walker*, 70 AD3d 870 [2010]). In any event, both the police radio transmission and the tape of the complainant's 911 call were properly admitted. An out-of-court statement made by a witness which is consistent with that witness's trial testimony is generally inadmissible as hearsay, but it may be admitted to rebut a claim of recent fabrication—an exception to the hearsay rule (*see People v Buie*, 86 NY2d 501, 510-511 [1995]; *see also People v Baker*, 23 NY2d 307, 323 [1968]; *People v Concepcion*, 175 AD2d 324, 326 n [1991]). However, if the out-of-court statement qualifies under a separate exception to the rule against hearsay, it may be admitted notwithstanding the fact that "it might also be a prior consistent statement" (*People v Buie*, 86 NY2d at 511). Here, the police radio transmission was properly admitted to establish circumstances relevant to the defendant's arrest (*see People v Severino*, 44 AD3d 1077 [2007]; *People v Isaac*, 222 AD2d 523 [1995]; *People v Thompson*, 202 AD2d 454 [1994]), and the complainant's 911 call was properly admitted under the excited utterance exception to the hearsay rule (*see People v Coward*, 292 AD2d 630 [2002]; *People v Carr*, 277 AD2d 246, 247 [2000]). Accordingly, the Supreme Court properly admitted the police radio transmission and the tape of the complainant's 911 call (*see People v Buie*, 86 NY2d at 511). Skelos, J.P., Eng, Austin and Miller, JJ., concur.