■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DESROY CLARKE, Appellant. [957 NYS2d 164]—

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of rape in the first degree, criminal sexual act in the first degree, and unlawful imprisonment in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342 [2007]; *People v Romero*, 7 NY3d 633 [2006]).

The Supreme Court providently exercised its discretion in declining to give an *Allen* charge (*see Allen v United States*, 164 US 492 [1896]) during the second trial in response to a note from the jury, received after a few hours of deliberations, stating that the jury did not expect to make any progress (*see People v Clemente*, 84 AD3d 829, 831 [2011]; *People v Hyland*, 45 AD3d 781 [2007]).

The defendant contends that the Supreme Court committed reversible error by admitting into evidence a tape recording of the complainant's 911 call on the ground that such evidence constituted inadmissible hearsay which improperly bolstered

witness testimony as prior consistent statements. The tape recording of the complainant's 911 call was properly admitted. An out-of-court statement made by a witness which is consistent with that witness's trial testimony is generally inadmissible as hearsay, but it may be admitted to rebut a claim of recent fabrication—an exception to the hearsay rule (*see People v Buie*, 86 NY2d 501, 510-511 [1995]; *People v Mack*, 89 AD3d 864, 866 [2011]; *see also People v Baker*, 23 NY2d 307, 323 [1968]; *People v Concepcion*, 175 AD2d 324, 326 [1991]). However, if the out-of-court statement qualifies under a separate exception to the rule against hearsay, it may be admitted notwithstanding the fact that "it might also be a prior consistent statement" (*People v Buie*, 86 NY2d at 511; *People v Mack*, 89 AD3d at 866 [internal quotation marks omitted]). Here, the tape recording of the complainant's 911 call was properly admitted under the excited utterance exception to the hearsay rule (*see People v Buie*, 86 NY2d at 511; *People v Mack*, 89 AD3d at 866; *People v Coward*, 292 AD2d 630 [2002]; *People v Carr*, 277 AD2d 246, 247 [2000]).

The record, viewed in totality, demonstrates that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.