# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

668

KA 11-01579

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HERSHEL J. TWOGUNS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT B. HALLBORG, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (ASHLEY R. SMALL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered July 29, 2011.  The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated, a class E felony, failure to drive on right side of road, following too closely and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by granting defendant's omnibus motion insofar as it sought dismissal of counts two and three of the indictment and dismissing those counts, and as modified the judgment is affirmed.

Memorandum:  On appeal from a judgment convicting him upon his plea of guilty of felony driving while intoxicated (Vehicle and Traffic Law §§ 1192 [3]; 1193 [1] [c] [i]), resisting arrest (Penal Law § 205.30), and two traffic infractions, defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking dismissal of the indictment on the ground that the arresting police officer lacked authority to arrest defendant outside the geographical area of the officer's employment.  We agree in part with defendant and therefore grant that part of his omnibus motion with respect to counts two and three of the indictment, which charge defendant with the traffic infractions.

The authority of a police officer to arrest an individual for a "petty offense" is limited to circumstances in which the officer "has reasonable cause to believe that such person has committed such offense in his or her presence" (CPL 140.10 [1] [a]), and "only when . . . [s]uch offense was committed or believed by him or her to have been committed within the geographical area of such police officer's employment or within one hundred yards of such geographical area" (CPL 140.10 [2] [a]).  The term "petty offense" is defined as "a violation

or a traffic infraction" (CPL 1.20 [39]).  Here, the arresting officer is employed by the Village of Gowanda, and it is undisputed that the arrest did not take place within 100 yards of the village limits. Thus, we conclude that the officer exceeded his jurisdictional authority when he arrested defendant for committing the traffic infractions, and the court should have granted defendant's motion insofar as it sought dismissal of those counts.

We further conclude, however, that the court properly refused to dismiss counts one and four of the indictment, charging defendant with felony driving while intoxicated and resisting arrest, respectively. Pursuant to CPL 140.10 (3), a police officer may arrest a person for a crime, as opposed to a petty offense, "whether or not such crime was committed within the geographical area of such police officer's employment, and he or she may make such arrest within the state, regardless of the situs of the commission of the crime."  Thus, the fact that defendant was arrested outside the Village of Gowanda does not bar prosecution of the crimes charged in the indictment.

Although defendant contended in his motion papers that counts one and four of the indictment must be dismissed as fruit of the poisonous tree, he has since abandoned that contention and now contends only that the officer lacked reasonable suspicion to stop his vehicle.  We reject that contention.  The arresting officer testified at the pretrial hearing that he received an anonymous telephone call from someone at the Iroquois Gas Station.  According to the caller, there was a man at the gas station who had exited a vehicle and was stumbling around as if he were drunk.  The caller provided a description of the vehicle and identified its license plate number. When the officer arrived at the gas station several minutes later, he observed a vehicle pulling into the roadway that matched the description provided by the caller.  In addition, the vehicle's license plate number was the same as that provided by the caller.  The vehicle, upon entering the roadway, crossed over the center line in violation of Vehicle and Traffic Law § 1120 (a), and then pulled up closely behind another vehicle in the same lane of traffic, in violation of Vehicle and Traffic Law § 1129 (a).  The officer then activated his emergency lights and stopped the vehicle.  We conclude that the specific nature of the anonymous call, when combined with the officer's first-hand observations, provided the requisite reasonable suspicion to stop defendant's vehicle (*see generally People v Moss*, 89 AD3d 1526, 1527, *lv denied* 18 NY3d 885; *People v Jeffery*, 2 AD3d 1271, 1272).

Entered:  July 5, 2013                          Frances E. Cafarell
                                                Clerk of the Court