■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE BAKSH, Appellant. [5 NYS3d 443]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Gary, J.), rendered January 3, 2013, convicting him of criminal possession of a weapon in the second degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mangano, Jr., J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's suppression motion was properly denied. The testimony adduced at the suppression hearing established that at approximately 11:25 p.m., on October 23, 2011, New York City Police Sergeant Jose Baez and Police Officers Gerald Cucchiara and Jay Richiez received a radio transmission reporting that gunshots were fired in the vicinity of Church Avenue and Albemarle Terrace in Brooklyn. Within two to four minutes of the dispatch, these officers approached the defendant and his companion, who were walking approximately one half of a block away from where the shots were reportedly heard. There were no other pedestrians in the area. Sergeant Baez called out: "Police. Stop." At the time, the three officers did not have their guns drawn, and their shields were displayed. As the defendant walked toward the officers, he grabbed the right side of his waistband. At that point, Officer Cucchiara observed an L-shaped bulge in the defendant's waistband, and yelled out: "gun." The defendant ran, and, during the course of the pursuit, the defendant discarded a gun. The police thereafter apprehended the defendant and, during a search incident to his arrest, discovered a bag of marijuana.

Inasmuch as the defendant and a companion were observed in proximity to the scene of the reported incident, and no one else was in the vicinity, we conclude that the police initially had a common-law right of inquiry based upon a founded suspicion that criminal activity was afoot (*see People v Stewart*, 41 NY2d 65 [1976]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Davis*, 106 AD3d 144 [2013]; *People v McKinley*, 101 AD3d 1747 [2012]; *People v Williams*, 73 AD3d 1097 [2010]; *People v Amuso*, 44 AD3d 781 [2007]; *People v Sanders*, 235 AD2d 507 [1997]; *People v Forelli*, 58 AD2d 76 [1977]). We reject the defendant's contention that the initial encounter constituted a forcible stop of the defendant in the absence of the requisite reasonable suspicion that he committed, was committing, or was about to commit a crime. Once the police officer noticed what appeared to be a gun, and the defendant fled, the officers had probable cause to arrest the defendant (*see People v Hill*, 72 AD3d 702 [2010]).

Contrary to the defendant's contention, he was not deprived of the opportunity to conduct or participate in an adequate voir dire. While a defendant enjoys the right to question a panel of potential jurors freely about relevant matters, the trial court's discretion extends to the imposition of reasonable restrictions on the amount of time allotted for such questioning (*see People v Jean*, 75 NY2d 744 [1989]; *People v Thompson*, 45 AD3d 876 [2007]). Here, the trial court providently exercised its discretion in limiting the time in which defense counsel questioned potential witnesses during the third round of voir dire. Since the court itself engaged in preliminary questioning before permitting counsel to commence questioning of the prospective jurors, many of the areas of inquiry which counsel would otherwise normally have explored were covered in advance by the court. In addition, counsel had the opportunity to engage in a colloquy with the potential jurors regarding potential bias and prejudice, as well as the jury's understanding of the concepts of "innocent until proven guilty" and the defendant's right not to testify. Moreover, at the conclusion of the third round of questioning, counsel did not indicate that she needed additional time to engage in follow-up questioning of any prospective juror, or that she needed to explore other areas of inquiry.

Finally, we also reject the defendant's claim that the prosecutor's remarks in summation warrant reversal. There is no merit to the defendant's contention that the prosecutor's remarks impermissibly shifted the burden of proof to him. The remaining challenges to the prosecutor's summation remarks are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, the comments made by the prosecutor were proper responses to arguments that defense counsel made during summation (*see People v Sherron*, 2 AD3d 885 [2003]). Skelos, J.P., Austin, Roman and LaSalle, JJ., concur.