■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ZULEYHA KARAGOZ, Respondent. [39 NYS3d 217]—

Appeal by the People from an order of the Supreme Court, Nassau County (Harrington, J.), entered December 23, 2015, which, after a hearing pursuant to a stipulation in lieu of motions, granted the suppression of physical evidence and the defendant's statements to law enforcement officials.

Ordered that the order is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.

According to the testimony adduced at the suppression hearing, on October 4, 2014, at approximately 3:30 a.m., a Nassau County police officer was informed of an unconscious person in a vehicle at the intersection of Oceanside and Foxhurst Roads in Nassau County. When the officer arrived at that location, he observed a Buick in the northbound left turning lane on Oceanside Road; the operator of the Buick appeared to be unconscious behind the wheel. The officer parked his vehicle behind the Buick. Another police vehicle arrived on the scene and parked in front of the Buick. In addition, two ambulances arrived on the scene and were facing south on Oceanside Road blocking southbound traffic. Both police vehicles and the

ambulances had their lights on. Traffic could pass through on the northbound side of Oceanside Road; the left northbound turning lane and southbound traffic were blocked.

At approximately 4:00 a.m., the officer walked back to his vehicle and noticed that the defendant had stopped her vehicle behind his vehicle in the left turning lane. The defendant's vehicle had been in the left turning lane for several minutes. The officer found it "odd" that the defendant stopped her vehicle behind his vehicle in the turning lane, when it was obvious that she could not make a left turn and that traffic could flow northbound on Oceanside Road. The officer approached the defendant's vehicle and asked the defendant for her license, registration, and insurance card. The defendant presented her driver license but initially was unable to find her registration. The defendant gave the officer her insurance card thinking it was her registration, but eventually provided all three requested documents to the officer.

During the officer's conversation with the defendant, he observed that she had bloodshot eyes and slurred speech, and he also detected a strong odor of alcohol. After administering standardized field sobriety tests, and after the defendant submitted to a portable breath test which revealed a blood alcohol content of .14%, the officer placed the defendant under arrest.

The Supreme Court granted suppression of physical evidence and the defendant's statements to law enforcement officials, finding that the officer had no right to ask for the defendant's license, registration, and insurance card, as there was no founded suspicion that criminality was afoot, applying the second tier of *People v De Bour* (40 NY2d 210 [1976]). The People appeal, and we reverse.

"In *People v De Bour* (40 NY2d 210 [1976]), the Court of Appeals established a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity. The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality. The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion. The third level permits a police officer to forcibly stop and detain an individual. Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime. The fourth level authorizes an ar-

rest based on probable cause to believe that a person has committed a crime" (*People v Clermont*, 133 AD3d 612, 613 [2015] [citations omitted]; *see People v De Bour*, 40 NY2d at 223).

In *People v Hollman* (79 NY2d 181 [1992]), the Court of Appeals clarified the difference between a request for information and the common-law right of inquiry. The Court stated that, as a general matter, "a request for information involves basic, nonthreatening questions regarding, for instance, identity, address or destination" (*id.* at 185). These questions need be supported only by an objective, credible reason not necessarily indicative of criminality (*see id.*) However, "[o]nce the officer asks more pointed questions that would lead the person approached reasonably to believe that he or she is suspected of some wrongdoing and is the focus of the officer's investigation, the officer is no longer merely seeking information. This has become a common-law inquiry that must be supported by a founded suspicion that criminality is afoot" (*id.*)

Here, the officer approached the defendant's already stopped vehicle and asked for her license, registration, and insurance card. Contrary to the defendant's contention, this was a level one request for information, not a level two common-law inquiry. Significantly, the officer did not stop the defendant's vehicle and did not ask any accusatory questions that focused on possible criminality. Rather, the officer simply approached the defendant's already stopped vehicle, and asked for documents pertaining to the defendant's identity and the lawful operation of her vehicle. Under these circumstances, the officer needed only an objective, credible reason not necessarily indicative of criminality in order to justify his approach of the defendant's vehicle and request for information (*see People v Ocasio*, 85 NY2d 982, 984 [1995]; *People v Thomas*, 19 AD3d 32, 41 [2005]; *People v Grady*, 272 AD2d 952 [2000]; *People v Vidal*, 71 AD2d 962 [1979]).

Based on the testimony adduced at the suppression hearing, the officer had an objective, credible reason for approaching the defendant's vehicle and asking for her license, registration, and insurance card. The defendant's vehicle was oddly stopped in the left turning lane behind the officer's vehicle, when it was obvious that she could not make a left turn. The defendant could have easily proceeded north on Oceanside Road, but instead stopped her vehicle for several minutes behind the officer's vehicle. Under these circumstances, the officer had an objective, credible reason to approach the defendant's vehicle and request information (*see People v Ocasio*, 85 NY2d at 985).

Accordingly, the Supreme Court should have denied suppres-

sion of the physical evidence and the defendant's statements to law enforcement officials. Chambers, J.P., Hall, Austin and Sgroi, JJ., concur.