People v Lawrence (2020 NY Slip Op 06810)





People v Lawrence


2020 NY Slip Op 06810


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-08485
 (Ind. No. 9481/16)

[*1]The People of the State of New York, respondent,
v
Cory Lawrence, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J.
Twersky, and Jordan Cerruti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cassandra Mullen, J.), rendered June 29, 2017, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Guy J. Mangano, Jr., J.), of the defendant's motion to suppress physical evidence.
ORDERED that the judgment is affirmed.
At a suppression hearing, Police Officer Kevin Morgan testified that on November 9, 2016, he, along with two other officers, were wearing plainclothes and traveling in an unmarked vehicle. After receiving an anonymous tip that, earlier in the evening, a fight had occurred at a funeral home and an individual allegedly had a gun, the officers drove to the funeral home. Upon arriving, the officers observed a group of five or six males, some or all of whom were drinking alcohol on the sidewalk outside of the funeral home. When the officers stopped their vehicle at the entrance of the parking lot to the funeral home, all but one of the males in the group approached the officers and asked if there was anything wrong and if they could help. The officers responded that there was "no problem," and asked the men to "keep the drinks behind" a fence outside of the funeral home. The defendant, who was initially part of the group, had separated from the group, did not approach the police vehicle, and instead walked away from the officers. The defendant walked to a parked vehicle, and asked another male in the group to open the door to the vehicle. When that male declined to open the door, the defendant continued to walk away from the officers. As a result, the officers slowly drove their vehicle behind the defendant, who was walking on the sidewalk. The officers then stopped their vehicle in the street behind the defendant, and attempted to get the defendant's attention by yelling "yo" and "excuse me, sir" through the open windows of the vehicle. Although the defendant initially did not respond, he eventually looked over his shoulder and responded, "nah." Officer Morgan testified that he opened the door of the police vehicle, and the defendant "immediately started running." Officer Morgan further testified that "by the time [he] was able to [ ] exit the vehicle," he saw the defendant reach into his pocket and throw a "silver metallic object that appeared to be a gun." Officer Morgan heard a "metal on metal sound," pursued the defendant on foot, and placed the defendant under arrest. The officers recovered a gun from the area where Officer Morgan saw the defendant throw the object.
Following the hearing, the Supreme Court denied the defendant's motion to suppress the gun. The defendant subsequently pleaded guilty to criminal possession of a weapon in the third degree in full satisfaction of the indictment. The defendant appeals.
We agree with the Supreme Court's determination to deny suppression of the gun. On a motion by a defendant to suppress physical evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]; People v Worrell, 170 AD3d 1048, 1050). The defendant bears the ultimate burden of proving that the evidence should not be used against him (see People v Berrios, 28 NY2d 361, 367; People v Worrell, 170 AD3d at 1050). Further, the credibility determinations of a hearing court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Guzman, 175 AD3d 564, 564; People v Watson, 163 AD3d 855, 856-857; People v Casey, 149 AD3d 770, 771).
"In People v De Bour, 40 NY2d 210 (1976), the Court of Appeals established a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity. The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality. The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion. The third level permits a police officer to forcibly stop and detain an individual. Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime. The fourth level authorizes an arrest based on probable cause to believe that a person has committed a crime" (People v Karagoz, 143 AD3d 912, 913-914 [internal quotation marks omitted]; see People v De Bour, 40 NY2d at 223).
Here, based on the testimony adduced at the suppression hearing, the officers had an objective, credible reason for approaching the defendant with a request for information when they first observed the defendant walking away from the group of men who had approached the officers (see People v Hill, 33 NY3d 990, 991-992; People v Cisse, 149 AD3d 435, affd 32 NY3d 1198; People v Karagoz, 143 AD3d at 914; People v Davis, 78 AD3d 724, 725; People v Mack, 49 AD3d 1291, 1292; People v Montero, 284 AD2d 159, 159-160; People v Braithwaite, 172 AD2d 548, 549). "[A]lthough the defendant possessed the constitutional right not to respond to [the officers'] inquiries and to remain silent, and to walk or run away, the officers were not required to merely abort their inquiries upon such a response" (People v Amuso, 44 AD3d 781, 783). "Rather, the officers were entitled to continue observation of the defendant, and to endeavor to conclude their inquiries, provided they did so in an unobtrusive manner that did not limit the defendant's freedom of movement" (People v Amuso, 44 AD3d at 783; see People v Mack, 89 AD3d 864, 865; People v Cruz, 292 AD2d 175, 175). Here, the officers' actions in following behind the defendant in their vehicle as he walked on the sidewalk were unobtrusive and did not serve to limit his freedom of movement. Under the circumstances, the fact that Officer Morgan opened the door to the police vehicle, by itself, did not elevate the encounter beyond a level-one request for information (see People v Diaz, 80 NY2d 950, 952; People v Quentin F., 177 AD3d 439, 440; People v Cisse, 149 AD3d at 435; People v Davis, 78 AD3d at 725; People v Foster, 302 AD2d 403, 404; People v Thornton, 238 AD2d 33, 36). Once the defendant fled and Officer Morgan observed the defendant discard what appeared to be a gun, the officers were permitted to pursue the defendant (see People v Whitehead, 162 AD3d 1532; People v Feliciano, 140 AD3d 1776, 1777; People v Baksh, 125 AD3d 988, 989; People v Lopez, 169 AD2d 782, 783). Inasmuch as the defendant's abandonment of the gun during the pursuit was not precipitated by illegal police conduct, the defendant had no right to object to the officers' seizure of that evidence (see People v Mack, 89 AD3d at 865).
Accordingly, we agree with the Supreme Court's determination denying the defendant's motion to suppress the gun.
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court