| People v Delgado |
| --- |
| 2023 NY Slip Op 34724(U) |
| October 13, 2023 |
| County Court, Westchester County |
| Docket Number: Indictment No. 71282/23 |
| Judge: Maurice Dean Williams |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

-----------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

-against-

LUIS DELGADO,

Defendant.

-----------------------------------------------------------------x

Williams, J.C.C.

**FILED**

OCT 2 0 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

DECISION & ORDER

Indictment # 71282/23

The defendant is charged with one (1) count of violating vehicle and traffic law section 1192(3), driving while intoxicated as a felony, and one (1) count of violating vehicle and traffic law 511 (3)(a)(i), aggravated unlicensed operation of a motor vehicle in the first degree, both Class E felonies.

On October 2, 2023, this Court conducted a Dunaway/Huntley/Mapp/Refusal hearing at which the People called Police Officer Guillermo Lizarzaburu, shield # 402 from the Town of Yorktown Police Department and New York State Trooper Demetrios Alexeas. The People introduced into evidence Exhibit #1, the body cam recording from Trooper Lizarzaburu and Exhibit #2, the body cam recording from New York State Trooper Edward Fleming, the arresting officer. The defendant called no witnesses and presented no evidence beyond what was adduced through cross-examination and Exhibit A, Trooper Alexeas' "DWI investigative notes". Based upon the exhibits and the testimony received the Court makes the following findings of fact and conclusions of law as relevant to the issues for this hearing:

*Finding of Facts*

The Court finds the testimony of the witnesses to be credible and supported by body cam footage. Officer Lizarzaburu is currently a four-year veteran with the Yorktown Police

Department and prior to that he served in the Mount Vernon Police Department and as a Park Ranger. Officer Lizarzaburu received training at the Academy on the detection of motorists who were ability impaired and unable to operate their vehicle safely. He has made or assisted in approximately three dozen DWI arrests.

On October 31, 2022, Officer Lizarzaburu testified he was working the midnight to 8:00 a.m. tour in Yorktown Heights, Westchester County, State of New York, in uniform and in a marked Yorktown police car. While on patrol, dispatch reported a disabled vehicle located at the intersection of Route 129 and Croton Avenue, which is near the Yorktown border.

Officer Lizarzaburu further testified when he arrived at the location, he observed a blue Toyota Avalon parked partially on the roadway and shoulder. This was not a traditional parking space and the vehicle's location would interfere with the lawful flow of traffic. Officer Lizarzaburu testified he pulled up behind the vehicle and approached from the driver's side. He observed defendant asleep in the driver's seat, with the keys in the ignition and the engine running. Officer Lizarzaburu testified he knocked on the driver's side window approximately twelve (12) times as part of a wellness check, however, the defendant did not respond.

Officer Lizarzaburu stated he proceeded to check the vehicle's doors and was able to open the unlocked driver's door. When Officer Lizarzaburu opened the door, he immediately detected the odor of alcohol and observed a bottle of beer and red solo cup in the front area of the vehicle. Officer Lizarzaburu attempted to awaken defendant. The officer testified he asked whether defendant was okay or required medical assistance. Eventually defendant started to grumble, and the officer detected the odor of alcohol emanating from the defendant's breath.

Officer Lizarzaburu testified he repeated "Are you OK?", "Do you know where you are?", to wit defendant responded "Earth". Officer Lizarzaburu inquired, "Where are you

2

coming from?", "Where are you going to?" The defendant responded, "Earth" again. Officer Lizarzaburu testified he requested defendant's license and was informed defendant did not have one. Defendant was asked to step out of his vehicle. As he exited the vehicle, defendant was unsteady and swaying and needed to use the vehicle for balance.

Officer Lizarzaburu further testified he noticed defendant had glassy bloodshot eyes, and again asked for his license. Defendant stated, "He was that drunk", but did provide his license number. The officer described defendant as slurring words every now and then. Finally, Officer Lizarzaburu testified he believed the defendant was intoxicated and requested that State Police respond since this was not within the physical boundaries of Yorktown Heights.

When the New York State Troopers arrived on the scene, Officer Lizarzaburu spoke with State Troopers Fleming and Alexeas providing them with the above stated information.

State Trooper Alexeas was next called as a witness. Trooper Alexeas testified that on October 31, 2022, he was employed by New York State Police for approximately one and a half years. On October 31, 2022 he was working the 7:00 p.m. to 7:00 a.m. tour in and around the Town of Cortlandt. He was in uniform, with body cam, and in a marked vehicle with his partner Trooper Fleming.

Trooper Alexeas testified that when he arrived at Route 129 and Croton Ave., he observed a blue Toyota Avalon parked partially on the shoulder and roadway without hazard lights engaged and that this was not a legitimate parking space. Trooper Alexeas further testified the way the vehicle was positioned, it would interfere with another motorist's ability to make a right turn at the intersection. After speaking with the first officers at the scene, Trooper Alexeas approached the defendant who was observed leaning on the trunk of his vehicle. Trooper Alexeas observed a bottle of beer and red solo cup inside the vehicle.

3

[* 3]

Trooper Alexeas began an investigatory interview of the defendant. When defendant spoke the odor of alcohol was detected coming from his breath. Defendant made several statements throughout, including, "There's this one bottle in the car, a bottle of beer", "I had a beverage, I'm not going to lie", "I was at Foxwoods", "I am not blowing into the machine...you can just arrest me", "I was headed back from Norwalk", "I'm in New York now?", "---, I'm --- man"; "How the --- I get here?". Defendant further stated he drank one beer approximately four to five hours prior.

Further, defendant stated he did not have a sense of time and that he was on his way to pick up his girlfriend from Westchester County Airport, on Saturday evening, unaware it was Monday morning. Trooper Alexeas interpreted this to mean defendant was disorientated as to time and place, which is a sign of intoxication. Defendant agreed to perform SFST.

Trooper Alexeas proceeded to administer what are known as Standard Field Sobriety tests: a series of tests designed to determine the level of coordination and comprehension of the defendant, as well as detect the presence of nystagmus in his eyes. Prior to each test, Trooper Alexeas provided instructions and received confirmation that defendant understood how the test would be administered. Trooper Alexeas recited his qualifications and certification to perform such tests and testified as to his observations of the defendant's ability to perform the tests. He concluded that defendant "failed" them in substantial (and relevant) parts. Trooper Alexeas interacted with defendant at the scene for approximately 20 minutes. The defendant was placed under arrest and transported to State Police Headquarters.

Trooper Alexeas read the defendant his Miranda warnings and refusal warnings. He testified the defendant stated he understood the warnings but wished to make no statements and would not take a breath test. En route to the station, Defendant continued to talk stating among

4

other things that he did not have privileges to drive in New York, and his license had been suspended.

At headquarters, the Trooper re-read the refusal warnings on one more occasion. The defendant stated he understood the warnings but would not take the test. Defendant continued to make statements while he was waiting to be released. At one point, Defendant stated he had been advised by a friend, if in doubt, refuse to take a breath test.

The defendant was formally charged with violating VTL § 1192.3, driving while intoxicated and VTL § 511, aggravated unlicensed operation of a motor vehicle.

***Conclusions of Law:***

This hearing was held pursuant to: (1) *Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, [1961]), to determine whether evidence was obtained in violation of defendant's Fourth Amendment right to be free from unreasonable searches and seizures; and (2) *Dunaway v. New York*, 442 U.S. 200, 99 S. Ct. 2248 [1979]), to determine whether there was probable cause for defendant's arrest, and to determine whether statements made by the defendant to the police were voluntary, *People v. Huntley*, 15 N.Y.2d 72, 255 N.Y.S.2d 838 [1965]).

The Court finds the People have met their burden to go forward with sufficient evidence to establish the propriety of the initial encounter, the legality of the detention and the seizure of the defendant (*see People v. Kaster*, 69 Misc.3d 132A, 131 N.Y.S.3d 781 [2020]; *People v Khan*, 182 Misc.2d 83, 697 N.Y.S.2d 457 [1997]). The Court also finds that there was no evidence adduced by the defendant which established unconstitutionality or impropriety warranting suppression (*see People v. Karagoz*, 143 A.D.3d 912, 39 N.Y.S.3d 217 [2016]). Further, the Court finds the defendant's statements throughout to have been spontaneous and not involuntary or the product of coercion and/or unlawful detention. Finally, the Court finds the defendant

5

[* 5]

refused to submit to a test of his blood alcohol after he was given sufficient warning, in clear and unequivocal language, of the effect of such refusal as provided by Vehicle & Traffic Law §1194(4) (*see People v. Thomas*, 46 N.Y.2d 100, 412 N.Y.S.2d 845 [1978], *app. dism.* 444 U.S. 891, 100 S.Ct. 197 [1979]).

The Court does not find any impropriety in the Yorktown Police Officer's response to the scene or actions taken thereat. The responding officer's vehicle was parked behind the defendant's vehicle, it was not positioned in a manner which prevented defendant from leaving the area or from moving. The officer never drew his weapon. The officer had an objective, credible reason to request information from the driver of the vehicle, and as evidence of impairment developed, continued his inquiry of the defendant. The Court does not find the defendant's constitutional rights were violated by the responding officer's conduct (*see generally*, CPLR § 140.10(3) [authority for warrantless arrest defined and what constitutes geographical area]; *People v. DeBour*, 40 N.Y.2d 210, 386 N.Y.S.3d 375 [1975]; *People v. Twoguns*, 108 A.D.3d 1091, 969 N.Y.S.2d 337 [2013]).

Such is the determination of the Court and an order denying the defendant's motions to suppress is entered hereon.

Dated: White Plains, New York
      October 13, 2023

Hon. Maurice Dean Williams
Westchester County Court Judge

6

[* 6]