People v Etienne (2024 NY Slip Op 06056)

People v Etienne

2024 NY Slip Op 06056

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2019-08332
 (Ind. No. 536/18)

[*1]The People of the State of New York, respondent,
v
George P. Etienne, appellant.

Patricia Pazner, New York, NY (Tina Peng and Joshua M. Levine of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Lucy Pannes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John F. Zoll, J.), rendered June 18, 2019, convicting him of criminal possession of stolen property in the third degree and criminal possession of a forged instrument in the second degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of imprisonment of 3 to 6 years on the conviction of criminal possession of stolen property in the third degree and to 2 to 4 years on the conviction of criminal possession of a forged instrument in the second degree. The appeal brings up for review the denial, after a hearing (Charles S. Lopresto, J.), of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the sentence imposed on the conviction of criminal possession of stolen property in the third degree shall run concurrently with the sentence imposed on the conviction of criminal possession of a forged instrument in the second degree; as so modified, the judgment is affirmed.
The evidence at trial established that, on November 2, 2017, three police officers were on patrol in a residential neighborhood in Queens after numerous burglaries had been reported, and they observed the defendant at the door of a residence behind a gate where a "no trespassing" sign was posted. The officers testified that they observed that the defendant had blue latex gloves in his pocket and was holding a FedEx package. The door of the residence was slightly ajar, and the defendant was speaking to someone inside. As the defendant left the property, the officers approached and asked what he was doing in the area. The defendant gave inconsistent answers and could not explain why he was at that particular residence. When the officers asked the defendant for identification, he produced what the officers determined to be a fraudulent Pennsylvania driver license. The officers arrested the defendant, and the defendant dropped the FedEx package on the ground. Police conducted an inventory search of the package and found that it contained $20,000 in cash and was addressed to the false name contained on the fraudulent Pennsylvania driver license that the defendant had presented to the officers.
Before his trial, in an omnibus motion, the defendant moved, inter alia, to suppress his statements to law enforcement officials and physical evidence. After a hearing, the Supreme Court denied those branches of the defendant's omnibus motion. The defendant was convicted, after a jury trial, of criminal possession of stolen property in the third degree (Penal Law § 165.50) and criminal possession of a forged instrument in the second degree (id. § 170.25). The defendant appeals.
On a motion by a defendant to suppress evidence, "the People have the burden of going forward to show the legality of the police conduct in the first instance" (People v Whitehurst, 25 NY2d 389, 391 [emphasis omitted]; see People v Blinker, 80 AD3d 619, 620). "The defendant, however, bears the ultimate burden of proving, by a preponderance of the credible evidence, that the evidence should not be used against him [or her]" (People v Thomas, 291 AD2d 462, 463; see People v Berrios, 28 NY2d 361, 367). "The factual findings and credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Baliukonis, 35 AD3d 626, 627; see People v Prochilo, 41 NY2d 759, 761).
"'In People v De Bour (40 NY2d 210), the Court of Appeals established a graduated four-level test for evaluating the propriety of police encounters when a police officer is acting in a law enforcement capacity. The first level permits a police officer to request information from an individual, and merely requires that the request be supported by an objective, credible reason, not necessarily indicative of criminality. The second level, known as the common-law right of inquiry, requires a founded suspicion that criminal activity is afoot, and permits a somewhat greater intrusion. The third level permits a police officer to forcibly stop and detain an individual. Such a detention, however, is not permitted unless there is a reasonable suspicion that an individual is committing, has committed, or is about to commit a crime. The fourth level authorizes an arrest based on probable cause to believe that a person has committed a crime'" (People v Lawrence, 188 AD3d 1095, 1096-1097, quoting People v Karagoz, 143 AD3d 912, 913-914).
Here, the People met their burden of establishing the legality of the police conduct in the first instance. At the suppression hearing, one of the police officers testified that the officers were on patrol for burglaries in Queens. Because he observed the defendant standing at the door of a residence behind a gate where a "no trespassing" sign was posted, with latex gloves in his pocket, and because the front door was only open a few inches, the officers had an objective credible reason to request information from the defendant (see People v Hill, 33 NY3d 990, 992; People v Lawrence, 188 AD3d at 1097). The officer asked the defendant twice what he was doing in the area, and the defendant gave inconsistent answers. When asked for identification, the defendant provided the officer with a Pennsylvania driver license, which the officer determined to be fraudulent. The defendant's statements were not the result of harassment or intimidation (see People v Hollman, 79 NY2d 181, 189). After the defendant provided the fraudulent driver license, the police had probable cause to arrest him (see Penal Law § 170.25). The Pennsylvania driver license was voluntarily provided to the police as the encounter began, and blue latex gloves were recovered from the defendant's pockets pursuant to a search incident to arrest (see People v Gokey, 60 NY2d 309, 312). With regard to the contents of the FedEx package, the defendant abandoned the package during his interaction with the police officers and, thus, forfeited any expectation of privacy in the property (see People v White, 153 AD3d 1369). Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and physical evidence.
The Supreme Court providently exercised its discretion in denying the defendant's motion to reopen the suppression hearing to admit surveillance video (see CPL 710.40[4]). The defendant failed to meet his burden of proffering new facts which could not have been discovered with reasonable diligence before the determination of the suppression motion, and which were pertinent to the suppression issue (see id.; People v Walker, 115 AD3d 889; People v Kneitel, 33 AD3d 816). To the extent that the defendant contends that he was deprived of the effective assistance of counsel based upon defense counsel's failure to present the surveillance video during [*2]the suppression hearing, the defendant failed to establish that defense counsel lacked "strategic or other legitimate explanations" for choosing not to present the surveillance video (People v Lewis, 215 AD3d 982, 983).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court