■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALGIE McNAIR, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 21, 1973, convicting him of assault in the first degree, upon a jury verdict, and sentencing him to an indeterminate prison term not to exceed 10 years. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant's defense at the trial focused on justification (Penal Law, § 35.15). Even the witnesses for the prosecution tended to support such a claim. For instance, the victim's sister testified that her brother and defendant were

friends, that she and defendant were out together on the night of the crime and that defendant dropped her off at her parents' apartment, but then returned for some methadone which he had left with her. He began banging on the apartment door and this caused an argument between defendant and her brother. She separated them, pushing defendant into the hallway and her brother inside the apartment, and closed the door. About a minute later her brother went down the stairs after defendant and kicked at him. Defendant stabbed her brother in the chest and her brother returned to the apartment and fell unconscious. She noticed a scraper with an exposed razor blade on the floor a couple of yards from her brother's body. There was some conflict in her testimony as to whether her brother had anything in his hand when he *left* the apartment to follow defendant. At the trial she said no, but on the night of the incident she told an investigator from the District Attorney's office that he was holding a small shining object in his hand. There was testimony from a physician in the Medical Examiner's office that the victim was intoxicated from alcohol and had ingested methadone. Finally, there was testimony by a detective who was present when defendant gave a statement on the night in question, which statement was consistent with the story given by the victim's sister. Defendant then stated that he saw the victim running after him, that he saw something in his hand which resembled a knife and that he immediately took out his own knife and stabbed him. In defendant's behalf, a former criminal investigator (and presently an Assistant District Attorney) who had investigated the case testified that the sister had told him she thought she saw something small and shiny in her brother's hand as he approached defendant, although she did not know what it was. After deliberating for more than two hours the jury returned to the courtroom and made the following request: "We request the statements made by Phyllis Hendley [the victim's sister] and Algie McNair. We would like also a further explanation of all charges concerning the case." In responding to this request, the trial court explained the elements of each of the four crimes charged and then asked, "Is there anything further you require?" to which the forelady responded, "No". Defendant's counsel promptly objected because, *inter alia,* of the court's failure to recharge concerning the defense of justification as it had charged originally, but the court refused to charge further. We conclude that this was prejudicial error requiring a new trial. On the evidence presented, defendant was entitled to have his defense brought again to the jury's attention to avoid creating a prejudicial imbalance *(People v Blake,* 44 AD2d 606). We also conclude that the prosecutor improperly supported his own case by "his own veracity and official position" when he stated in his summation as follows: "and here is a man that tells you he stabs him but he did it because this man is going to kill him. I don't believe that story. I don't think it's true" (see *People v Williams,* 40 AD2d 1023; see, also, *People v Wilson,* 40 AD2d 839). Rabin, Acting P. J., Hopkins, Latham, Munder and Shapiro, JJ., concur.