◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY ZLOCHEVSKY, Appellant. [603 NYS2d 433] —Judgment, Supreme Court, New York County (Joan B. Carey, J.), rendered June 19, 1989, which convicted the defendant, upon a jury verdict, of two counts of murder in the second degree, two counts of robbery in the first degree and robbery in the second degree and sentenced him to concurrent indeterminate terms of imprisonment of from 25 years to life on the murder counts, 8⅓ to 25 years on the first degree robbery counts and 5 to 15 years on the second degree robbery count, unanimously reversed, on the law and as a matter of discretion, and the matter is remitted for a new trial.

The People alleged that the murder of a diamond merchant occurred during the course of a robbery or attempted robbery. The defendants maintained that the decedent invited Zlochevsky to his office to discuss a proposed insurance fraud scheme. Zlochevsky brought the defendant Gaspar with him to act as a witness to the decedent's anticipated refusal to pay a previously incurred debt, which the deceased had failed to pay on a previous occasion. They contended that Zlochevsky killed the decedent in self-defense when a fight erupted over the debt.

Counsel for Zlochevsky moved, pursuant to CPL article 680, for an examination on commission of Moishe Miller, who was incarcerated in Israel. According to Miller's attorney, his client would testify that the decedent was indebted to him but was unable to pay the debt. The decedent proposed that as a means of repayment, they commit an insurance fraud by

falsely reporting the theft of the contents of a safe. Miller rejected the idea. The decedent told him that he would find someone else to carry out his plan to commit insurance fraud in order to be able to pay the debt. Miller would also testify to specifics of the deceased's military training which would be relevant to Zlochevsky's justification defense.

After the court denied the motion, counsel asked for reconsideration of the decision, submitting an affidavit from Miller reiterating his allegations concerning the decedent's insurance fraud proposal. Concluding that the proffered testimony would be violative of the rules of evidence, the Supreme Court adhered to its original decision and denied the motion for an examination on commission.

We note that in accordance with the trial court's rulings, contentions raised by one defendant were considered raised by both. Thus, Gaspar's, as well as Zlochevsky's, contention, that the trial court erred in denying the motion for an examination on commission has been preserved for our review.

While applications for an examination on commission are granted only in exceptional circumstances (*People v Carter*, 37 NY2d 234), those circumstances were presented here and the Supreme Court abused its discretion in denying the application.

CPL 680.10 and 680.20 provide that the trial court may, upon the pre-trial application of a defendant, issue a commission authorizing an examination of an out-of-State witness, if the court is satisfied that the witness resides outside the State and possesses information material to the action which, in the interest of justice, should be disclosed at trial. Zlochevsky was unable to compel Miller's appearance in New York, since he was incarcerated in Israel. His proposed testimony was material and relevant. The preclusion of the testimony clearly prejudiced the defendants because, while the People were permitted to introduce evidence to rebut Zlochevsky's testimony concerning the decedent's insurance fraud proposal, Zlochevsky was prevented from introducing testimony to support it. The denial of the application, therefore, impeded his right to present a witness to establish a defense (*People v Carter, supra; see also, People v Gilmore*, 66 NY2d 863; *People v Rosa*, 153 AD2d 257, *lv denied* 75 NY2d 969).

The defendants also correctly maintain that the trial court deprived them of their right to a fair trial by refusing to impose any sanctions, or even offer a continuance, when the People disregarded their obligation to disclose autopsy photo-

graphs timely *(see,* CPL 240.70 [1]; *People v Dory,* 59 NY2d 121, 127). Although the autopsy report mentioned photographs, the prosecutor led one of the defense counsel to believe that the People did not have them.

While the trial court did not abuse its discretion in denying Gaspar's severance motions (CPL 200.40; *cf., People v Mahboubian,* 74 NY2d 174), it was error to deny his motions to strike portions of the prosecutor's summation or, in the alternative, to reopen the defense case to permit him to testify *(People v Griffin,* 29 NY2d 91, 94). Since Gaspar did not testify and there was no eyewitness to the crime, the prosecutor provided the jury with what he labeled a "hypothesis" in which he set forth a version of the events leading up to the victim's death. However, the hypothesis was based on pure speculation and the argument exceeded the four corners of the evidence presented at trial *(People v Ashwal,* 39 NY2d 105, 109). The prosecutor thereby overstepped the bounds of proper argument by referring to matters not in evidence, and by asking the jury to draw conclusions which were not fairly inferable from the evidence *(supra; see also, People v Wright,* 41 NY2d 172, 175). By overruling counsel's objections, the court gave " 'standing to the statement of the District Attorney as legitimate argument' ", thus enhancing the possibility of prejudice *(People v Ashwal, supra,* at 111, quoting *People v Lovello,* 1 AD2d 162, 169 [Peck, J., dissenting]).

After the court denied Gaspar's motion to strike portions of the prosecutor's summation, his attorney requested permission to reopen the defense case to allow his client to take the stand to rebut the prosecutor's hypothesis. The court denied the motion without hearing argument from counsel. In the circumstances, the trial court's refusal to permit the defendant to testify constituted an improvident exercise of discretion *(People v Washington,* 130 AD2d 605, *revd* 71 NY2d 916, *on remand* 145 AD2d 670; *see also, People v Griffin, supra).*

Certain charge errors also require a reversal of the defendants' convictions. Since the evidence against them was entirely circumstantial, the jury should have been so charged *(People v Burke,* 62 NY2d 860). The court also erred in denying counsel for Zlochevsky's request that the court reread the justification charge in response to the jury's note which sought a rereading of the "charges" regarding the first count against Zlochevsky *(People v McNair,* 48 AD2d 860; *cf., People v Almodovar,* 62 NY2d 126). The court used the word "charge" to the jury throughout the proceedings to refer to the crimes charged as well as to defenses. Any ambiguity in

the jury's request should have prompted a direct inquiry for clarification by the court rather than an offer to reread the principal charges *(see, People v Miller,* 6 NY2d 152). Justification was an integral part of the elements of the crimes charged under count one. The jury may well have incorrectly inferred from the unbalanced supplemental charge that the elements of the intentional homicide crimes were the critical charges regarding those crimes and that the prosecution's burden of disproving justification was somehow less important *(see, People v McNair, supra).*

Finally, while we would find the error harmless in the absence of the other errors cited, we note that the trial court improperly permitted the prosecutor to impeach Zlochevsky on cross examination with a previously suppressed statement concerning a stolen car which he had purchased. The defendant did not open the door to such impeachment by raising, on direct examination, the subject to which the statement related *(see, People v Miles,* 23 NY2d 527, *cert denied* 395 US 948; *see also, United States v Havens,* 446 US 620; *People v Maerling,* 64 NY2d 134).

Based on the foregoing, the judgment is reversed and a new trial is ordered.

We have considered the defendant's other contentions and rejected them. Concur—Rosenberger, J. P., Ross and Kassal, JJ.

Kupferman, J., concurs in a memorandum as follows: I concur, limited to the denial of the application pursuant to CPL article 680 for an examination on commission of Miller who was incarcerated in Israel.