■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC HILL, Appellant. [638 NYS2d 92] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered August 12, 1992, convicting him of (1) manslaughter in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and (2) hindering prosecution in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the appeal from so much of the judgment as convicted the defendant of hindering prosecution in the second degree is dismissed as withdrawn; and it is further, Ordered that the judgment is affirmed insofar as reviewed. Viewing the evidence in the light most favorable to the prosecution (see,

*People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt and disprove his justification defense beyond a reasonable doubt. The testimony of several eyewitnesses as well as the defendant's two accomplices established that, although the victim was the initial aggressor, he was fleeing from the defendants when he was shot. Contrary to the defendant's contention, neither the eyewitnesses' substance abuse nor the minor inconsistencies in their accounts of the shooting rendered their testimony incredible as a matter of law. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant argues that he was denied a fair trial by the court's failure to reiterate its charge on the justification defense when, pursuant to the jury's request, it reinstructed the jury on the elements of the crimes charged. However, neither the jury nor the defendant asked the court to recharge the defense and the court was not required to do so *sua sponte (see, People v Moore,* 59 AD2d 602; *cf., People v McNair,* 48 AD2d 860).

The defendant's remaining contentions are without merit. Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.