Eric HILL, Petitioner,

v.

John P. KEANE, Superintendent Sing Sing Correctional Facility, Respondent.

No. 97 CIV. 2118(BDP).

United States District Court, S.D. New York.

Nov. 16, 1998.

Eric Hill, Ossining, NY, Petitioner Pro Se.

Rockland County District Attorney, District Attorney's Office, New City, NY, for Respondent.

### DECISION AND ORDER

BARRINGTON D. PARKER, Jr., District Judge.

Petitioner Eric Hill, proceeding *pro se*, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on March 28, 1997, challenging his conviction on August 12, 1992 in Rockland County Court for first degree manslaughter (N.Y. Penal Law § 125.25), second degree criminal possession of a weapon (N.Y. Penal Law § 265.03) and criminal possession of a weapon in the third degree (N.Y. Penal Law § 265.02).

Following trial, he was sentenced to concurrent terms of imprisonment of four to twelve years for manslaughter, three to nine years for possession of a weapon, and one to three years for criminal possession of a weapon in the third degree. Hill appealed his conviction for first degree manslaughter and second degree criminal possession to the Appellate Division which affirmed on February 6, 1996. *See People v. Hill*, 224 A.D.2d 445, 638 N.Y.S.2d 92 (2d Dep't 1996). The New York Court of Appeals denied leave to appeal on May 31, 1996. *See People v. Hill*, 88 N.Y.2d 880, 668 N.E.2d 425, 645 N.Y.S.2d 454 (1996).

In this Petition, Petitioner raises several claims: (1) that the prosecution failed to establish beyond reasonable doubt that he possessed a gun with intent unlawfully to use it, that he fired a gun at the victim or that he importuned or aided his co-defendants in the victim's shooting; (2) that the prosecution failed to disprove, beyond a reasonable doubt, Petitioner's justification defense; and (3) that the trial court failed properly to reinstruct the jury in response to a question from the jury.

The Petition was referred to the Honorable George A. Yanthis, United States Magistrate Judge for Report and Recommendation. Judge Yanthis filed a Report dated May 13, 1998 Recommending that the Petition be denied in its entirety. Familiarity with that Report is assumed. In view of Hill's objections, the record is reviewed *de novo.*

Hill's conviction stems from the shooting death of Terrence Abrahams in Spring Valley, New York on August 31, 1991. The shooting arose from an altercation involving Hill, two companions, Broadnax and Grisby, and Abrahams. Although the testimony at trial conflicted, the state's evidence indicated that following a fight between Broadnax and Abrahams, Grisby shot Abrahams having been encouraged by Hill to do so. Moreover, there was evidence at trial that a jury could credit that although Hill did not kill Abrahams, he loaded the gun and gave it to Broadnax who killed Abrahams.

Magistrate Yanthis concluded, and we agree, that the Petition was timely (see 28 U.S.C. § 2244), that Hill exhausted his state court remedies, and that the state court's determination did not rest upon an adequate and independent state grounds.

Hill's basic claim is that the evidence on which his conviction was based was insufficient and that his conviction violated due process. *See Jackson v. Virginia,* 443 U.S. 307, 321, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Hill and his two codefendants, Grisby and Broadnax were indicated and charged with, among other things, second degree murder. The jury was instructed on second degree murder as well as the lesser included offenses of first and second degree manslaughter and criminally negligent homicide. Following deliberations, Hill was convicted of first degree manslaughter.

■ In his Petition, he challenges the conviction on the grounds that the prosecution failed to establish the essential elements of that crime beyond a reasonable doubt. Although there was a lack of consistency among witnesses at trial, a rational jury could have resolved the conflicts and concluded that Hill produced the murder weapon and encouraged and assisted Broadnax in his efforts to kill Abrahams. In view of the jury's conclusion that Hill was guilty of first degree manslaughter, he is entitled to relief

under 28 U.S.C. § 2254 only "if it is found that upon the record evidence adduced at trial, no rational trier of fact could have found guilt beyond a reasonable doubt." *See Jackson v. Virginia,* 443 at U.S. 321, 99 S.Ct. 2781. If any rational trier of fact could have found the essential elements of the crime, the conviction must stand. *United States v. Badalamenti,* 794 F.2d 821 (2d Cir.1986). The record must be viewed in the light most favorable to the prosecution. *See Jackson,* 443 U.S. at 319, 99 S.Ct. 2781. As a general matter, uncorroborated eye witness testimony may support a conviction. *United States v. Danzey,* 594 F.2d 905, 916 (2d Cir.1979). As the Supreme Court has cautioned, in cases such as this where a state jury had an opportunity personally to view witness' testimony and observe and evaluate demeanor, courts reviewing habeas petitions generally are not free to reassess and redetermine credibility. *Marshall v. Lonberger,* 459 U.S. 422, 432–35, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983); *Bossett v. Walker,* 41 F.3d 825, 830 (2d Cir.1994). In view of these principles, Hill, challenging the insufficiency of the evidence, bears what our Court of Appeals has described as a very heavy burden. *United States v. Simon,* 85 F.3d 906, 908 (2d Cir. 1996). These principles, moreover, apply with equal force to Hill's challenge to the sufficiency of proof with respect to his justification defense.

■ Having reviewed the record *de novo,* we are persuaded, as was Magistrate Yanthis, that an adequate predicate existed upon which a jury could have concluded that Hill was guilty of first degree manslaughter. The state's theory was that Hill had materially assisted in the killing of Abrahams. The jury had been properly instructed that to convict under the accomplice theory, it must find (1) that Grisby or Broadnax (or both) was guilty of first degree manslaughter; (2) that petitioner solicited or intentionally aided Grisby or Broadnax in the shooting, and; (3) that Hill did so with intent to cause physical injury to another. Hill disputes that the evidence was sufficient to establish these elements.

Our review of the record, however, reflects that while different conclusions based on determinations of credibility were possible, a rational jury could have found that Hill's guilt was established beyond a reasonable doubt. Four witnesses, Brown, Blacknall, Jones and Hayes, testified that Hill first pulled a gun. Blacknall and Jones also testified that Hill tried unsuccessfully to cock the gun. Two witnesses, Johnson and Blacknall, testified that Hill uttered statements that the jury could have concluded intended to encouraged his accomplices to shoot Abrahams (*e.g.* "pop that motherfucker" (599)). While other witnesses contradicted Hill's involvement, a rational jury could have believed the witnesses that testified that Hill was indeed involved in the shooting.

Moreover, a rational jury could have concluded that the prosecution met its burden of disproving Hill's justification defense beyond a reasonable doubt. The testimony established that Hill uttered words that could reasonably be construed as urging his codefendants to shoot Abrahams while he was running away from them and that Hill initially drew the gun, tried to load it and did so while Abrahams was running away. Had this testimony been credited, as apparently it was, a jury could have concluded that Hill's actions were not justified since they occurred after Abrahams ceased his attack.

■ Similarly, there was sufficient evidence upon which a jury could have convicted Hill of criminal possession of a weapon in the second degree. A jury could have credited the testimony of eye witnesses that Hill pulled out a gun and loaded it before passing it to Grisby and Broadnax, and concluded that Hill knowingly possessed a loaded firearm and intended to cause serious physical injury to Abrahams.

■ Hill's next contention is that the trial court improperly failed to respond the jury's request for supplemental instructions. Our review of the records indicate that the trial court's supplemental instructions properly addressed the jury's questions, that the responses, as framed by the trial court, were appropriate responses and that further reinstruction was not constitutionally required. In any event, viewed as a whole, the trial court's charge and recharge was proper and did not deprive Hill of a fair trial.

For the foregoing reasons, the Report and Recommendation are adopted by the Court and Petitioner's objections are overruled. Hill has not made a substantial showing of the violation of his constitutional rights, consequently, a Certificate of Appealability will not issue. 28 U.S.C. § 2253, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. *See generally, Lozada v. United States,* 107 F.3d 1011 (2d Cir.1997). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. The Petition is dismissed. The Clerk of the Court is ordered to enter final judgment in favor of the Respondent.

**SO ORDERED.**