THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD S. LEFLER, Appellant. [751 NYS2d 809] —Appeal from a judgment of Oswego County Court (Hafner, Jr., J.), entered August 3, 2000, which revoked defendant's probation and imposed a sentence of imprisonment.

It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Oswego County Court for further proceedings in accordance with the following memorandum: County Court resentenced defendant to the maximum terms of imprisonment upon its finding that defendant violated two terms and conditions of probation imposed upon his conviction of two counts of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c] [ii]) and one count of aggravated unlicensed operation of a motor vehicle in the first degree (§ 511 [3] [a] [i]). Contrary to the contention of defendant, the People established by a preponderance of the evidence that he violated those terms and conditions by consuming alcohol and operating a motor vehicle on a roadway (see CPL 410.70 [3]). Two police investigators testified at the violation hearing that defendant had consumed a can of beer in their presence and that they had seen defendant operating a motor vehicle. Furthermore, both investigators testified that defendant told them that he had operated his pickup truck on February 7, 2000 (see id.).

Defendant further contends that the court erred in imposing sentence without the benefit of an updated presentence investigation report and that the sentence imposed by the court was unduly harsh and severe. At sentencing, the court referred to a "new update" to the presentence investigation report prepared approximately one month before sentencing. However, that updated report has not been included in the record on appeal, and defendant asserts in his brief that he was unable to obtain that report. We cannot review defendant's remaining contentions without a complete record of all materials considered by the sentencing court. We therefore hold the case, reserve decision on those contentions and remit the matter to

Oswego County Court to provide or reconstruct, if necessary, the "new update" to the presentence investigation report. Present—Pigott, Jr., P.J., Green, Hayes, Scudder and Lawton, JJ.