■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KAREEN FOSTER, Respondent. [756 NYS2d 239] —Appeal by the People from an order of the Supreme Court, Kings County (Lewis, J.), entered December 19, 2001, which, after a hearing,

granted that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the order is reversed, on the law and the facts, that branch of the defendant's omnibus motion which was to suppress physical evidence is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

On December 5, 2000, at about 9:00 P.M., while on routine patrol in a marked police van, a New York City police sergeant and two New York City police officers observed the defendant and two other males in a black Maxima. The sergeant believed that one of the passengers in the Maxima was smoking a marijuana cigarette. At that point, the police van made a U-turn in order to follow behind the Maxima. The police van did not turn on its siren or flashing lights. The Maxima proceeded about one block, and while stopped at a red light, the defendant opened the rear car door and discarded a gun. Thereafter, the defendant was arrested and a large quantity of money was recovered from his person.

After a hearing, the Supreme Court granted that branch of the defendant's omnibus motion which was to suppress the physical evidence recovered by the officers, as it did not credit the sergeant's testimony that he had seen one of the passengers smoking a marijuana cigarette. On appeal, the People argue that the hearing court erred in suppressing the physical evidence. We agree.

"Police pursuit is regarded as significantly impeding a person's freedom of movement, thus requiring justification by reasonable suspicion that a crime has been, is being, or is about to be committed" (*People v Reyes,* 199 AD2d 153, 155, *affd* 83 NY2d 945, *cert denied* 513 US 991; *see People v Thornton,* 238 AD2d 33, 38). However, the police may observe a defendant "provided that they do so unobtrusively and do not limit defendant's freedom of movement by so doing" (*People v Howard,* 50 NY2d 583, 592, *cert denied* 449 US 1023). Here, although the officers intended to stop the defendant's vehicle after the sergeant's alleged observation, no effort was made to stop it until after the gun was discarded. Up to the time that the gun was discarded, the police officers were engaged merely in observation. The police van made a U-turn, without turning on its sirens or flashing lights, and followed the Maxima less than one block, when the defendant opened the car door and discarded the gun. Until then, there was no flight and there was no pursuit (*see People v Reyes, supra*; *People v Thornton, supra*; *People v Davis,* 217 AD2d 805, 807; *Matter of Jaime G.,* 208 AD2d 382).

Since there was no unlawful pursuit by the police, the recovery of the property discarded by the defendant was also lawful. Therefore, that branch of the defendant's omnibus motion which was to suppress physical evidence should have been denied. Santucci, J.P., Altman, Krausman and Crane, JJ., concur.