■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMY TAYLOR, Appellant. [754 NYS2d 893] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 18, 2001, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentencing.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court failed to

recharge the jury on the justification defense is unpreserved for appellate review, as he failed to raise the issue in that court (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10; *People v Udzinski*, 146 AD2d 245). In any event, the Supreme Court, pursuant to the jury's two requests, properly reinstructed the jury on the law applicable to the crimes charged (*see People v Almodovar*, 62 NY2d 126, 132; *People v Jackson*, 226 AD2d 476, 477). However, neither the jury nor the defendant asked the court to recharge the justification defense and the Supreme Court was not required to do so, sua sponte (*see People v Hill*, 224 AD2d 445).

The defendant's contention that the Supreme Court improperly admitted evidence of a prior uncharged crime is also unpreserved for appellate review (*see People v Berrios*, 71 NY2d 905, 906). In any event, evidence of uncharged crimes is admissible if it is relevant to a material issue at trial and its probative value outweighs its potential for prejudice (*see People v Alvino*, 71 NY2d 233, 241-242). Here, the evidence was properly admitted, as background material needed to complete the narrative (*see People v Gines*, 36 NY2d 932; *People v George*, 292 AD2d 541, 542).

The determination to grant a defendant youthful offender treatment lies wholly within the discretion of the sentencing court (*see People v Wallace*, 246 AD2d 676). The Supreme Court providently exercised its discretion in denying the defendant youthful offender treatment.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80). Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.