# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1122

KA 09-02340

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

TERRANCE C. RAINEY, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered March 18, 2009. The appeal was held by this Court by order entered October 4, 2013, decision was reserved and the matter was remitted to Monroe County Court for further proceedings (110 AD3d 1464). The proceedings were held and completed (Douglas A. Randall, J.).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: We previously held this case, reserved decision, and remitted the matter to County Court to determine, in the context of defendant's contention that the court erred in denying his suppression motion, "whether the police engaged in a pursuit and if so, whether that pursuit was legal" (*People v Rainey*, 110 AD3d 1464, 1466). Upon remittal, the court found that the police officers were not in pursuit of defendant when he discarded the drugs, and we now affirm. The court properly concluded that the police officers were engaged in mere observation, which does not require reasonable suspicion (*see People v Howard*, 50 NY2d 583, 592, *cert denied* 449 US 1023). The testimony at the suppression hearing established that defendant's freedom of movement was not restricted because the police officer who followed defendant did not draw his gun, did not prevent defendant from moving, and did not give any verbal commands to defendant until *after* defendant dropped the plastic bag containing drugs (*see People v Bora*, 83 NY2d 531, 535-536; *Howard*, 50 NY2d at 592).

Defendant's sentence is not unduly harsh or severe.

Entered:  November 14, 2014                    Frances E. Cafarell
                                               Clerk of the Court