THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR MINUS, Appellant. [5 NYS3d 76]—

Judgment, Supreme Court, New York County (Michael R. Sonberg, J., at suppression hearing; Cassandra Mullen, J., at jury trial and sentencing), rendered January 4, 2012, convicting defendant of criminal possession of a controlled substance in the third degree, and sentencing him, as a second drug felony offender, to a term of three years, unanimously reversed, as a matter of discretion in the interest of justice, and the matter remanded for a new trial.

One of the three police witnesses testified that he saw defendant ride a bicycle to a street corner in a drug-prone area, have a quick conversation with another man, and then hand the man a small, unidentified object in exchange for cash. The detective inferred, based on his narcotics training and experience, that this exchange was a drug transaction. After he transmitted a report of these observations to his field team, another detective saw defendant throwing drug packages toward his mouth, two of which landed on the ground and were recovered by the police. The remaining packages entered defendant's mouth and were not recovered.

The trial court issued a pretrial *Molineux* ruling (*People v Molineux*, 168 NY 264 [1901]) precluding the People from using the testimony about the hand-to-hand exchange for any purpose other than to explain the subsequent actions of the police, specifically noting that this testimony could not be used as a evidence of defendant's intent to sell the drugs found in his possession. The prosecutor "disregard[ed] . . . the court's rulings" (*People v D'Alessandro*, 184 AD2d 114, 119 [1st Dept 1992], *lv denied* 81 NY2d 884 [1993]) by arguing that the jury could consider the exchange and the detective's view that it was a drug transaction as factors relevant to defendant's intent to sell.

Defense counsel made four general objections to that line of argument; the first two objections were overruled, and the other two were sustained without any timely request for further relief. Defendant's appellate challenge to the prosecutor's summation was not preserved by defense counsel's general objections or a CPL 330.30 motion to set aside the verdict. However, we review the issue in the interest of justice and find that the prosecutor's arguments "prejudic[ed] defendant's right to a fair trial" (*see People v Sandy*, 115 AD2d 27, 32 [1st Dept 1986]).

Given that defendant's counsel prepared the defense and cross-examined the three police witnesses under the assumption that the People would be precluded from using the detective's testimony about the exchange as evidence of defendant's intent, the prosecutor's arguments rendered the trial as a whole unfair. Because of the court's pretrial ruling, under which the exchange was only relevant to the state of mind of the officers, and not defendant's intent to sell, counsel had little or no reason to attempt to cast doubt on whether the exchange was actually a drug sale, or whether it evinced an intent to sell the drugs that defendant was charged with possessing.

The soundness of the pretrial ruling is not properly before us on this appeal. In any event, regardless of the soundness of the ruling, the prejudice here stems from defendant's detrimental reliance upon it.

The unfairness was not mitigated by the fact that the prosecutor obtained the court's permission to contravene the *Molineux* ruling in summation, again after the close of all evidence. Because of its timing, the court's modification of its prior ruling was itself prejudicial error.

The error was not harmless, since there is a significant probability that defendant would have been acquitted of the possession count if not for the challenged portions of the prosecutor's summations (*see People v Crimmins*, 36 NY2d 230, 242 [1975]). The hand-to-hand exchange was strongly probative of defendant's intent to sell, which was the central issue at trial. Although the court instructed the jury in the final charge and a supplemental charge not to consider the exchange for any purpose other than to explain the police conduct, this did not eliminate the prejudicial effect of the prosecutor's argument repeatedly urging the jury to consider the exchange as evidence of intent (*see People v Riback*, 13 NY3d 416, 423 [2009]; *People v Calabria*, 94 NY2d 519, 523 [2000]). Although the jury was obligated to disregard the prosecutor's arguments to which counsel's objections were sustained, the court's overruling the first two objections "enhanc[ed] the possibility of prejudice" (*People v Zlochevsky*, 196 AD2d 701, 703 [1st Dept 1993] [internal quotation marks and citation omitted], *lv denied* 82 NY2d 854 [1993]).

In light of this determination, we decline to reach any other issues, except that we find that the record supports the hearing court's denial of the suppression motion, and that the verdict was based on legally sufficient evidence. Concur—Friedman, J.P., Sweeny, Acosta, DeGrasse and Gische, JJ.