# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**581**

**KA 12-01872**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROBERTO FELICIANO, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Victoria M. Argento, J.), rendered August 2, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that County Court erred in refusing to suppress physical evidence, i.e., a handgun, and his statement to the police. We reject that contention. According to the evidence presented at the suppression hearing, a police officer received radio dispatches that shots had been fired and that an anonymous caller had reported that a male suspect on a bicycle was in possession of a handgun. Upon responding to the vicinity within minutes of receiving the dispatches, the officer observed defendant, who generally matched the description of the suspect, riding a bicycle on the street (*see generally People v Moczo*, 174 AD2d 365, 365, *lv denied* 78 NY2d 1013). The officer pulled alongside defendant in his police vehicle and, without exiting his vehicle, the officer asked defendant to "stop his bike for a moment." Contrary to defendant's contention, we conclude that "the information provided in the . . . dispatch[es] coupled with the officer['s] observations provided the [officer] with 'an objective, credible reason for initially approaching defendant and requesting information from him' " (*People v Burnett*, 126 AD3d 1491, 1492; *see generally People v Hollman*, 79 NY2d 181, 184; *People v De Bour*, 40 NY2d 210, 223). The conduct of the officer in asking defendant to stop his bicycle for a moment did not elevate the encounter beyond a level one intrusion (*see People v Reyes*, 83 NY2d 945, 946, *cert denied* 513 US 991; *People v Bent*, 206

AD2d 926, 926, *lv denied* 84 NY2d 906).

Contrary to defendant's further contention, the officer engaged in mere observation, and was not in pursuit, when he followed defendant after defendant ignored the officer's question and continued to ride away on the bicycle (*see People v Rainey*, 122 AD3d 1314, 1314-1315, *lv denied* 25 NY3d 1169; *see generally People v Howard*, 50 NY2d 583, 592, *cert denied* 449 US 1023). The testimony at the suppression hearing established that the officer's conduct was unobtrusive and did not limit defendant's freedom of movement (*see Rainey*, 122 AD3d at 1314-1315; *People v Mack*, 89 AD3d 864, 865, *lv denied* 18 NY3d 959). The court thus properly determined that defendant's subsequent act of reaching into his waistband, an area known to the officer to be used for concealing firearms, and appearing to discard an object therefrom was not in response to any illegal police conduct, that the officer's ensuing pursuit of defendant when he began to flee was lawful, and that the abandoned handgun was properly seized by the police (*see People v Bachiller*, 93 AD3d 1196, 1197-1198, *lv dismissed* 19 NY3d 861; *Mack*, 89 AD3d at 865; *People v Foster*, 302 AD2d 403, 404, *lv denied* 100 NY2d 581). Inasmuch as the officer's conduct was lawful, defendant's statement to the police is not subject to suppression as fruit of the poisonous tree (*see People v Sims*, 106 AD3d 1473, 1474, *appeal dismissed* 22 NY3d 992).

Entered:  June 17, 2016                              Frances E. Cafarell
                                                     Clerk of the Court