# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

779

KA 14-00977

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

KRYSTIAN BROWN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 21, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), defendant contends that Supreme Court erred in refusing to suppress physical evidence and his statement to the police. We reject that contention.

According to the evidence presented by the People at the suppression hearing, a police officer driving a patrol vehicle on Main Street in Buffalo observed defendant standing outside a storefront by a "No Loitering" sign. The officer had seen defendant standing in front of the same storefront three hours before. Upon the approach of the officer's vehicle, defendant turned and walked quickly into the store. The officer parked and exited the vehicle, and followed defendant into the store, whereupon he observed defendant walking into a rear storage room while the store manager yelled for defendant to "get out." The officer then heard a "loud thump." Defendant emerged from the storage room only seconds later and explained that he had to use the bathroom. The officer searched the storage room and found a white sock concealing a gun. He then ordered a second officer on the scene to "cuff" defendant, who protested, "that's not my gun." At the central booking office of the police department, defendant allegedly stated: "[I]t's not a lot of hope for me, like you all, my life is over. It's a bad situation, you know?" The two police officers testified at the hearing that defendant was not under arrest until

after the gun was found and that, up until that point, he was free to leave the store.

Defendant contends that the court should have suppressed the gun because it was recovered as a result of illegal police pursuit. We reject that contention. The court properly determined that the officer was engaged merely in observation and was not in pursuit when he followed defendant into the store (*see People v Feliciano*, 140 AD3d 1776, 1777; *see generally People v Howard*, 50 NY2d 583, 592, *cert denied* 449 US 1023). The testimony at the suppression hearing established that defendant entered the store before the officer parked and exited his vehicle. Furthermore, the officer never activated his vehicle's overhead lights or siren, and did not engage defendant until after defendant emerged from the storage room. Before the gun was found, "the officer's conduct was unobtrusive and did not limit defendant's freedom of movement" (*Feliciano*, 140 AD3d at 1777) and, thus, the court properly determined that defendant did not discard the gun in response to any illegal police conduct.

Defendant further contends that the police arrested him before the gun was recovered, and thus they lacked probable cause to arrest him for criminal possession of a weapon. We likewise reject that contention. An arrest occurs when there is "a significant interruption of [a person's] liberty of movement as a result of police action," whether or not that person "submits to the authority of the badge or whether he succumbs to force" (*People v Cantor*, 36 NY2d 106, 111; *see People v Lee*, 96 AD3d 1522, 1527). The testimony at the suppression hearing established that, after defendant emerged from the storage room, the police did not issue any commands to him and did not restrain him in any way or otherwise prevent him from leaving the store. Rather, defendant remained in the store of his own accord. We thus conclude that, before the gun was recovered, a reasonable person in defendant's position, innocent of any crime, would not have believed that he was under arrest (*see People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Vargas*, 109 AD3d 1143, 1143, *lv denied* 22 NY3d 1044).

Finally, we conclude that the sentence is not unduly harsh or severe.

Entered: September 30, 2016

Frances E. Cafarell
Clerk of the Court