# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**774**
**KA 14-01506**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

GLASCO P. ROZIER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered May 12, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). The facts are largely undisputed. On the evening of September 13, 2012, two officers of the Buffalo Police Department were patrolling a high crime area on the east side of the city when they saw a vehicle stop abruptly outside of a house. Defendant exited the vehicle, looked several times at the officers' patrol car, and walked quickly towards the back of the house. The officers suspected defendant of trespassing and quietly followed him, approaching the house from different directions. They lost sight of defendant for approximately 15 to 30 seconds. Defendant suddenly emerged from behind the house, and one officer began questioning him about his behavior. The other officer reported that he had seen defendant "standing next to" a blue City of Buffalo garbage tote located nearby. When one officer lifted the lid of the garbage tote, defendant dropped his head and said, "oh man." A loaded gun was inside. Defendant was arrested and confessed to having possessed the gun.

Defendant moved to suppress the gun and his statements to the police, arguing that he abandoned the gun in response to unlawful police pursuit and that he was arrested without probable cause. County Court held a suppression hearing at which the officers testified to the foregoing facts, and defendant testified that he

abandoned the gun in the garbage tote before the officers caught up with him.  The court concluded that defendant had been arrested without probable cause and suppressed any statements made after the arrest; the court denied defendant's motion, however, insofar as defendant sought to suppress the gun.  Defendant contends that the latter ruling was error.  We reject that contention.  When the officers followed defendant toward the back of the house, they "were engaged merely in observation," not pursuit (*People v Foster*, 302 AD2d 403, 404, *lv denied* 100 NY2d 581; *see People v Feliciano*, 140 AD3d 1776, 1777).  That observation "was unobtrusive and did not limit the defendant's freedom of movement" (*Feliciano*, 140 AD3d at 1777; *see generally People v Howard*, 50 NY2d 583, 592, *cert denied* 449 US 1023).  The court thus properly determined that defendant's abandonment of the gun was not in response to unlawful police conduct (*see Feliciano*, 140 AD3d at 1777).

Contrary to defendant's contention, we conclude that the conviction is based on legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  In addition, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We nonetheless agree with defendant's contention that he was denied a fair trial owing to prosecutorial misconduct.  Although defendant failed to preserve that contention for our review, we exercise our power to review it as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  At trial, the People presented testimony of a forensic expert to discuss DNA evidence collected from the gun, but the testimony was not conclusive.  The expert testified that she analyzed the DNA mixture and determined that defendant was among 1 in 15 Americans who could not be excluded as a contributor.  Nevertheless, on summation, the prosecutor grossly exaggerated the DNA evidence as "overwhelming" proof establishing defendant's "guilt beyond all doubt" and posited:  "If the defendant had not possessed the gun, wouldn't science have excluded him?"  In our view, the prosecutor's flagrant distortion of the DNA evidence caused defendant such substantial prejudice that he was denied due process of law, particularly in light of the circumstantial nature of the People's case (*see People v Jones*, 134 AD3d 1588, 1589; *see generally People v Wright*, 25 NY3d 769, 783).  In light of the foregoing, we agree with defendant's related contention that he was denied effective assistance of counsel owing to defense counsel's failure to object to the prosecutor's misconduct during summation (*see Wright*, 25 NY3d at 780-783).

In light of our determination, defendant's challenge to the severity of his sentence is academic.

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court