# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**29**

**KA 14-01250**

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CHAD L. OWENS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (LINDA M. CAMPBELL OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered March 21, 2014. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal possession of a weapon in the second degree (Penal Law §§ 110.00, 265.03 [3]). Contrary to defendant's contention, County Court properly refused to suppress the weapon. The suppression hearing evidence established that, while on routine patrol, the police witness observed defendant walking toward him. The police witness observed a bulge in defendant's waistband, which he testified was "consistent with somebody concealing a weapon." When defendant observed the police vehicle operated by the police witness, and the other police vehicles traveling behind it, he covered the bulge with his right hand and turned into an alley, walking at a fast pace. The police witness stopped his vehicle and observed defendant walking quickly in the alley, still holding his waistband. After looking back toward the stopped police vehicle two or three times, defendant began to run. The police witness continued to observe defendant while traveling on a parallel street at a slow rate of speed, and either one or two other police vehicles followed defendant at a distance of 20 to 30 yards. None of the vehicles had its lights or sirens activated. The police witness lost sight of defendant and, when he saw defendant again, defendant ran in front of his vehicle, no longer holding his waistband. A handgun was found in a yard in the area where the police witness lost sight of defendant.

Contrary to defendant's contention, his action in discarding the

gun was not the result of illegal police conduct (*see People v Brown*, 142 AD3d 1373, 1374-1375).  The police "engaged in mere observation, and [were] not in pursuit, when [they] followed defendant . . . [T]he testimony at the suppression hearing established that the officer[s'] conduct was unobtrusive and did not limit defendant's freedom of movement" (*People v Feliciano*, 140 AD3d 1776, 1777; *see People v Rozier*, 143 AD3d 1258, 1259).

Entered:  February 3, 2017                          Frances E. Cafarell
                                                    Clerk of the Court