Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered June 12, 2015. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a weapon in the second degree.
 

 It is hereby ordered that the judgment so appealed from is unanimously affirmed.
 

 Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). During the early morning hours of May 18, 2013, an anonymous and as-yet unidentified woman located at a specific address on Latour Street in Buffalo called 911 and reported that defendant and a woman were on the porch of the house located at that address. Defendant reportedly had a shotgun and had been kicking at the door. The caller identified defendant by name and described him as a black man in a grey jacket. Two patrol officers with the Buffalo Police Department responded to a radio dispatch in their patrol vehicle and found defendant walking down the sidewalk with a woman. Defendant was subsequently arrested, and the police recovered a sawed-off shotgun and a live shell in a grassy area along the sidewalk.
 

 We conclude that County Court properly denied defendant’s motion to suppress the physical evidence, as well as defendant’s postverdict motion pursuant to CPL 330.30 insofar as it challenged that ruling. “Police pursuit is regarded as significantly impeding a person’s freedom of movement, thus requiring justification by reasonable suspicion that a crime has been, is being, or is about to be committed” (People v Foster, 302 AD2d 403, 404 [2d Dept 2003], lv denied 100 NY2d 581 [2003] [internal quotation marks omitted]; see People v Holmes, 81 NY2d 1056, 1057 [1993]). “However, the police may observe a defendant ‘provided that they do so unobtrusively and do not limit defendant’s freedom of movement by so doing’ ” (Foster, 302 AD2d at 404, quoting People v Howard, 50 NY2d 583, 592 [1980], cert denied 449 US 1023 [1980]; see People v Rozier, 143 AD3d 1258, 1259 [4th Dept 2016]).
 

 It is well settled that “the propriety of the denial of a suppression motion must be judged on the evidence before the suppression court and that evidence subsequently admitted at the trial cannot be used to support the suppression court’s denial” (People v Wilkins, 65 NY2d 172, 180 [1985]). Here, the suppression court heard the testimony of one of the two responding officers. According to his testimony, the officers received a radio dispatch concerning a black man in a grey jacket with a shotgun and a woman on Latour Street. The officers were nearby and responded to the call within approximately one minute. When their patrol vehicle turned onto Latour Street, the testifying officer observed a man matching defendant’s description walking down the sidewalk with a woman. The officers then approached defendant in their patrol vehicle while its overhead lights and siren were off. Defendant looked over his shoulder toward the patrol vehicle, walked to the grassy area, and made a shaking motion with his arm as if to discard an object. Thereafter, the testifying officer stopped the vehicle, exited it, drew his weapon, and commanded defendant to stop. After defendant was arrested, the testifying officer returned to the spot where he had observed defendant shaking his arm, and found the sawed-off shotgun in that exact spot. Another officer found the live shell nearby at approximately the same time. Contrary to defendant’s contention, the foregoing testimony establishes that the officers “ ‘were engaged merely in observation,’ not pursuit” when defendant discarded the shotgun and the live shell (Rozier, 143 AD3d at 1259; see generally Howard, 50 NY2d at 592). Thus, those items were properly seized by the police inasmuch as defendant did not discard them in response to unlawful police conduct (see People v Feliciano, 140 AD3d 1776, 1777 [4th Dept 2016], lv denied 28 NY3d 1027 [2016]; see also Rozier, 143 AD3d at 1259).
 

 We further conclude that the conviction is based on legally sufficient evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Additionally, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Contrary to defendant’s contention, the testimony of the officer at the suppression hearing and the testimony of another officer at the felony hearing were consistent in all relevant respects with the trial testimony of both of those officers.
 

 Defendant further contends that the court changed its ruling with respect to the admissibility of the audio recording of the 911 call after the close of evidence, thereby prejudicing him. We reject that contention. Upon the People’s pretrial application, the court ruled that the recording was admissible under the excited utterance and present sense impression exceptions to the rule prohibiting the admission of hearsay statements. Although defendant also contended that the recording constituted evidence of prior bad acts and should be precluded under People v Molineux (168 NY 264 [1901]), the court rejected that contention. After defendant made his postverdict motion pursuant to CPL 330.30, the court informed the parties that it used the audio recording of the 911 call only to complete the narrative of events (see generally People v Gross, 26 NY3d 689, 695 [2016]; People v Casado, 99 AD3d 1208, 1211 [4th Dept 2012], lv denied 20 NY3d 985 [2012]). The court stated that it did not use the audio recording as evidence of the truth of the matters asserted therein or as evidence of prior bad acts. Furthermore, in its written decision and order denying the CPL 330.30 motion, the court noted that “nothing was presented during the trial to alter” its determination. That determination manifestly favored defendant. Thus, even assuming, arguendo, that the court changed its ruling after the close of proof, we conclude that defendant suffered no prejudice as a result (cf. People v Minus, 126 AD3d 474, 476 [1st Dept 2015]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Trout-man, JJ.