People v Fleming (2018 NY Slip Op 08886)





People v Fleming


2018 NY Slip Op 08886


Decided on December 21, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1471 KA 16-01933

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CARON FLEMING, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (LAUREN M. SILVERSTEIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered September 30, 2016. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We reject defendant's contention that Supreme Court erred in refusing to suppress a gun. Defendant failed to establish standing to challenge the seizure of the gun because he did not demonstrate that he had a legitimate expectation of privacy in the place where the gun was found (see People v Trotter, 224 AD2d 1013, 1013 [4th Dept 1996]; see generally People v Sweat, 159 AD3d 1423, 1423-1424 [4th Dept 2018]). Furthermore, the court properly determined that "defendant's abandonment of the gun was not in response to unlawful police conduct" (People v Rozier, 143 AD3d 1258, 1259 [4th Dept 2016]; see also People v Brown, 148 AD3d 1562, 1564 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]).
Defendant further contends that he was denied effective assistance of counsel because his attorney failed to move to suppress statements defendant made to the police following his arrest. We reject that contention as well. Viewing the evidence, the law, and the circumstances of this case in their totality at the time of the representation, we conclude that counsel provided meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]).
Contrary to defendant's next contention, we conclude that the conviction is based on legally sufficient evidence (see Rozier, 143 AD3d at 1259-1260; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
The sentence is not unduly harsh or severe. We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: December 21, 2018
Mark W. Bennett
Clerk of the Court