People v Spencer (2025 NY Slip Op 07416)

People v Spencer

2025 NY Slip Op 07416

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2022-04210
 (Ind. No. 1301/02)

[*1]The People of the State of New York, respondent,
vAndrew Spencer, appellant.

Patricia Pazner, New York, NY (Alexis A. Asher and Jessica Brierly-Snowden of counsel; Gabriel Smith, Ariella Fetman, and Brendan O'Malley on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Joseph M. DiPietro, and Katherine Pedlow of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Arthur J. Cooperman, J.), rendered October 29, 2002, convicting him of sexual abuse in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review, as his generalized motions to dismiss at trial were not specifically directed at the deficiency now being argued (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 491-492; People v Patterson, 237 AD3d 859, 859). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349; People v Saravia, 239 AD3d 1002, 1003). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Bleakley, 69 NY2d 490, 495; People v Patterson, 237 AD3d at 860). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644; People v Saravia, 239 AD3d at 1003).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is, for the most part, unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Escalona, 237 AD3d 968, 970). In any event, the defendant's contention is without merit. The majority of the challenged remarks made by the prosecutor during summation were within the bounds of permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 109), responsive to arguments made in defense counsel's summation (see People v Escalona, 237 AD3d at 970), or constituted fair comment on the evidence (see People v Ashwal, 39 NY2d at 109; People v Escalona, 237 AD3d at 970). To the extent that any of the challenged remarks were improper, they were not so pervasive or egregious as to deprive [*2]the defendant of a fair trial (see People v Escalona, 237 AD3d at 970; People v Miller, 229 AD3d 724, 726).
Contrary to the defendant's contention, the record before this Court is sufficient to permit meaningful appellate review of his contention that the Supreme Court erred in denying his application for youthful offender treatment (cf. People v Lefler, 300 AD2d 1099, 1099). Moreover, upon consideration of the reasons the Supreme Court placed on the record at sentencing, we find that the court did not improvidently exercise its discretion in denying the defendant youthful offender status (see People v Forero, 235 AD3d 896, 896-897; People v Taylor, 302 AD2d 480, 480; People v Cruickshank, 105 AD2d 325, 333, affd sub nom. People v Dawn Maria C., 67 NY2d 625).
The defendant's remaining contentions are without merit.
DILLON, J.P., IANNACCI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court